UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Julie Coolidge | Case No. |
| Plaintiff | **COMPLAINT** |
| v. | |
| Reliance Standard Life Insurance Company | |
| Defendant | |

Plaintiff, Julie Coolidge, for her Complaint against Defendant, Reliance Standard Life Insurance Company, states as follows:

1. Ms. Coolidge is an individual who resides in Cumberland County, Maine and who at all pertinent times participated in a Long-Term disability plan (the "Plan"), sponsored by the Group Policyholder: Community Concepts, Inc. ("Group Policyholder").

2. The Plan is funded, in part, through a group insurance policy (the "Policy") Reliance Standard Life Insurance Company sold to the Group Policyholder, for whom Ms. Coolidge worked as a Community Support Specialist since November 9, 2009 until her total disability on November 15, 2019.

3. Reliance Standard Life Insurance Company is a foreign company authorized to transact business in Maine.

4. Reliance Standard Life Insurance Company acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. Ms. Coolidge brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

6. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Reliance Standard Life Insurance Company because, per ERISA 502(e), 29 U.S.C. 1132(e)(2), Reliance Standard Life Insurance Company undertook to insure an ERISA plan that affected participants living in Maine.

## Claim for Relief

7. The Plan provides for short and long-term disability coverage for certain employees of Community Concepts, Inc., including Ms. Coolidge.

8. The Policy defines total disability, in relevant part, as follows:

**"…DEFINITION OF DISABILITY**
"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:

1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation…."

9. As stated above, Ms. Coolidge worked for Community Concepts, Inc., until on November 15, 2019, at which time she discontinued work due to neck pain, dizziness, fatigue, headaches, syncopal episodes, photophobia and phonophobia and Post-Concussive Syndrome after a motor vehicle accident during which she was a passenger.

10. Ms. Coolidge became disabled under the Policy on or about November 15, 2019 and has remained continuously disabled since then.

11. Ms. Coolidge filed a claim for long disability benefits, which was terminated as Reliance Standard Life Insurance Company determined Ms. Coolidge did not meet the definition of disability beyond November 13, 2020.

12. Reliance Standard Life Insurance Company's termination letter dated November 11, 2020 noted Ms. Coolidge's medical evidence was insufficient in supporting any further impairment.

13. Although Ms. Coolidge continued with neck pain, dizziness, fatigue, headaches, syncopal episodes, photophobia and phonophobia and Post-Concussive Syndrome, Reliance Standard Life Insurance Company terminated Ms. Coolidge's claim.

14. Reliance Standard Life Insurance Company decision violated ERISA's claims regulation(s) and prevented Ms. Coolidge from a full and fair review on his administrative claim.

15. By letter, June 10, 2021, by undersigned counsel, Ms. Coolidge timely appealed the LTD determination by Reliance Standard Life Insurance Company. The appeal included medical records from Dr. Burke, St. Mary's Neurology, Stephen's Memorial Hospital, Dr. Denise Cogle, and testing. The medical records noted Ms. Coolidge's continued impairment.

16. Reliance Standard Life Insurance Company acknowledged Ms. Coolidge's appeal by letter dated June 29, 2021 received on July 6, 2021.

17. Reliance Standard Life Insurance Company has neglected to complete the appeal review and has refused to render a timely appeal decision despite our instruction of the same.

18. Reliance has been reviewing Ms. Coolidge's appeal for 101 days without rendering a determination.

19. Ms. Coolidge exhausted her administrative remedies under the Policy and Plan.  And further exhaustion would be futile.

20. Reliance Standard Life Insurance Company is in violation ERISA claims regulations, 29 C.F.R. 2560.503-1, in multiple respects.

21. As a result of the foregoing, Ms. Coolidge has suffered a loss in the form of unpaid benefits.

22. Ms. Coolidge is entitled to a judgment against Reliance Standard Life Insurance Company in the amount of the unpaid long-term disability benefits under the Policy and Plan.

23. Ms. Coolidge is entitled to have her benefits reinstated.

24. Ms. Coolidge is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff Ms. Coolidge, requests the Court grant her the following relief from Defendant Reliance Standard Life Insurance Company:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. Her costs and attorney's fees, under ERISA 502(g); and

c. All other relief the Court may deem proper.

Dated: 10.08.2021

/s/ Andrew S. Davis

Andrew S. Davis
LAMBERT COFFIN
Two Monument Square, Suite 400
Portland, Maine 04101
207.874.4000
adavis@lambertcoffin.com